# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SEAN P.,[1] | ) |
|       Plaintiff, | ) |
| | ) No. 19 C 408 |
|   v. | ) |
| | ) Magistrate Judge |
| ANDREW SAUL, Commissioner of Social Security,[2] | ) Maria Valdez |
| | ) |
|       Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Sean P.'s claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 15] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Andrew Saul has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On October 2, 2014, Plaintiff filed claims for DIB and SSI, alleging disability since August 10, 2012 due to various mental impairments. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 7, 2017. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert also testified.

On December 20, 2017, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of August 10, 2012. At step two, the ALJ concluded that Plaintiff had the following severe impairments: attention deficit disorder ("ADD"), anxiety, and hypertension. The ALJ concluded at step three that his impairments, alone or in combination, do not meet or medically

equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform medium work with the following additional limitations: no climbing ladders, ropes, or scaffolds; avoiding moderate exposure to extreme heat and no exposure to dangerous moving machinery and unprotected heights; work limited to simple, routine, and repetitive tasks in an environment free of fast-paced production requirements; only simple work-related decisions, with few, if any, workplace changes; and only occasional interaction with the public, co-workers, and supervisors.

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a service writer, mechanic, programmer, cable installer, or flight instructor. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff

presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its

judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors

5

his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

The ALJ found that Plaintiff was moderately limited in the area of concentration, persistence, and pace. To accommodate this impairment, the ALJ said she would restrict Plaintiff to "simple, routine and repetitive tasks, in a work environment free of fast paced production requirements and involving only simple, work-related decisions." (R. 135.) The hypothetical examples posed to the vocational expert ("VE") tracked the language of this limitation very closely.[3] No other limitations or hypothetical questions reflected an accommodation for Plaintiff's deficits in concentration, persistence, and pace.

The Seventh Circuit has "repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014) ("This failure to build an 'accurate and logical bridge' between the evidence of mental impairments and the hypothetical and the mental RFC requires us to remand for further proceedings."); *see Moreno v. Berryhill*, 882

---

[3] The VE was asked whether jobs existed for a person "limited to simple, routine, and repetitive tasks, occasional decision making, occasional changes in the work setting, and occasional interaction with the public." (R. 60-61.) Another hypothetical added that the work would be "limited to simple, routine, repetitive tasks in a work environment free of fact paced production requirements involving only simple work-related decisions with few, if any, workplace changes, occasional interaction with the public, occasional interaction with coworkers, and occasional supervision . . . ." (R. 61.)

F.3d 722, 730 (7th Cir. 2018) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010)) ("Our cases require that an ALJ 'orient the [vocational expert] to the totality of a claimant's limitations,' including 'deficiencies of concentration, persistence and pace.'"); *see also Radosevich v. Berryhill*, 759 F. App'x 492, 494-95 (7th Cir. 2019) (unpublished decision) ("The hypothetical included only restrictions to 'simple, work-related decisions' with 'few, if any, workplace changes,' so it reflected the limitations in [the plaintiff's] abilities to carry out complex or detailed instructions and cope with changes. And although [the plaintiff] may have the mental capacity to complete a single, simple task, the hypothetical did not capture the limitation in her ability to execute that simple task over an extended time.").

The ALJ's failure to include all of Plaintiff's limitations in the hypothetical questions to the VE was not harmless error. The VE testified that although available jobs in that hypothetical were not production jobs, "[y]ou need to be working at a constant basis," and if a person were off-task more than fifteen percent of the workday, they would be terminated. (R. 61-62.) On remand, the ALJ must more fully discuss Plaintiff's deficits in concentration, persistence, and pace, with particular attention to how much his impairments would take him off task during the workday. The ALJ should also discuss how she came to conclude that Plaintiff had only moderate limitations in this area, relying solely on evidence that he is able to watch science fiction television shows, do internet research on ADD treatment, and pay attention to tasks that interest him.

7

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 15] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                **ENTERED:**

**DATE:**   **June 11, 2020**              _____
                                                               **HON. MARIA VALDEZ**
                                                              **United States Magistrate Judge**